**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**BRETT DESHAWN DAVIS**                         **CIVIL ACTION NO.**

**VERSUS**

**COMMISSIONER OF**                              **20-621-JWD-EWD**
**SOCIAL SECURITY**

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 25, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

B. Davis Certified Mail Return Receipt Requested no. 7020 0640 0001 4750 7146

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRETT DESHAWN DAVIS                                                CIVIL ACTION NO.

VERSUS

                                                                   20-621-JWD-EWD

COMMISSIONER OF
SOCIAL SECURITY

### MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER

Before the Court is the Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process ("Motion"),[1] filed by Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration (the "Commissioner"). The Motion is considered unopposed as no timely opposition memorandum was filed.[2] It is recommended that the Motion be granted, and this matter dismissed without prejudice because Plaintiff Brett Davis ("Davis") has failed to timely and properly effect service on the Commissioner as required by Fed. R. Civ. P. 4(i), after receiving guidance from the Court (and the Commissioner), and a reasonable time to do so.

### I.   BACKGROUND

Davis filed this suit for judicial review of a decision of the Commissioner on September 14, 2020.[3] After resolving Davis' request to proceed in the suit without prepaying the required filing fee ("IFP"),[4] a Scheduling Order was issued on November 2, 2020.[5]

On October 5, 2022, review of the record showed that there were no summonses in the

---

[1] R. Doc. 12.
[2] Any opposition memorandum was due within twenty-one days after the Motion was filed on February 7, 2023. Local Civil Rule 7(f). Plaintiff Brett Davis has not responded to the Motion and the deadlines to do so have expired.
[3] R. Doc. 1.
[4] After suit was filed, the Court ordered Davis to either pay the filing fee in the amount of $400 or to complete and submit an AO 239 – Application To Proceed In District Court Without Prepaying Fees of Costs ("IFP Motion") by no later than October 8, 2020. R. Doc. 2. A copy of AO 329 was attached to the Court's Order. *See* R. Doc. 2-1. On October 16, 2020, Davis filed an IFP Motion. R. Doc. 4. The Court denied Davis's IFP Motion on October 21, 2020 and ordered him to pay the $400 filing fee by no later than November 4, 2020. R. Doc. 5. Davis paid the filing fee on October 29, 2020.
[5] R. Doc. 6.

record issued to the Commissioner, the Attorney General of the United States ("Attorney General"), or the United States Attorney for the Middle District of Louisiana ("USAO"), despite Davis having filed suit over two years prior.[6] Further, there was no proof of service or other information in the record showing that service had been made, or even attempted, on the Commissioner, the Attorney General, or the USAO.[7] Because of this, the Court ordered Davis to show cause, in writing, by no later than October 26, 2022, "why his claims in this case should not be dismissed for failure to properly serve" (the "Show Cause Order").[8] As an alternative to filing a written show cause response, Davis was given until October 14, 2022 to "present three, properly completed summonses to the Clerk of Court to be issued to each of the following: the Commissioner, the Attorney General, and the USAO."[9] Davis was also ordered to serve the summonses (once issued by the Clerk of Court), along with a copy of the Complaint, on the Commissioner, the Attorney General, and the USAO, "as required by, and [in] compliance with, Federal Rules of Civil Procedure 4(c), (i), and (m)."[10] Importantly, the Court explained to Davis that a "plaintiff—even one representing himself—cannot serve a summons and complaint."[11] Lastly, the Court cautioned Davis that "**[f]ailure to timely comply with this Order may result in dismissal of [his] claims in this matter without further notice.**"[12]

On October 13, 2022, Davis presented the Clerk will three summonses, and the Clerk issued these summonses to Andrew Saul, as the Commissioner; the Attorney General; and the

---

[6] R. Doc. 7.
[7] *Id*.
[8] *Id*., p. 2. The Show Cause Order was served on Davis at the address listed on PACER, which he provided to the Court. R. Doc. 8.
[9] R. Doc. 7.
[10] *Id*., p. 3.
[11] *Id*., n. 10.
[12] *Id*., p. 3 (emphasis in original).

2

USAO.[13] After receiving the summonses, Davis personally attempted service on the USAO by improperly mailing the summons, his Complaint, and a letter dated October 12, 2022 to the USAO by certified mail.[14] Specifically, the October 12 letter states, "I Brett Davis am submitting this summons on behalf of myself to explain why, and show cause that this case should not be dismissed."[15] According to a service log maintained by the USAO, it received Davis's Complaint, the summons issued to the USAO, and the October 12 letter on October 18, 2022.[16]

Recognizing that Davis was representing himself, an Assistant United States Attorney ("AUSA"), sent Davis a letter on November 10, 2022 regarding Davis' attempt to serve the USAO.[17] Specifically, the AUSA's November 10 letter explained that, under Rule 4(c)(2), Davis, as the plaintiff in this case, "[cannot] effectuate service by personally serving a summons and a complaint on [the USAO], even by certified mail."[18] The AUSA's letter also explained that the "United States, its agencies, and its officers are not authorized to waiver service of summons under Rule 4(d)(1)," so Davis was asked to "properly effectuate service on [the USAO] no later than December 19, 2022."[19] In conclusion, the AUSA advised that, if Davis did not properly effect service of process on the USAO, the AUSA would "proceed with filing a motion to dismiss for insufficient service of process."[20]

---

[13] R. Doc. 9. Curiously, the summons Davis prepared for issuance to the Attorney General was addressed as follows: "Attorney General for the United States, 1885 North 3rd St., Baton Rouge, LA 70802, Jeff Landry." *Id*., at p. 5. Jeff Landry is, and was at the time the summons was issued, the Attorney General for the State of Louisiana ("Louisiana AG"), not the United States Attorney General. *See* http://www.ag.state.la.us/About (last accessed May 18, 2023).
[14] R. Doc. 12-1, p. 2. *See also* R. Doc. 12-2 (Davis's Complaint); R. Doc. 12-3 (Summons to USAO), and R. Doc. 12-4 (Davis's October 12 letter).
[15] R. Doc. 12-4. Additionally, in the October 12 letter, Davis explained several reasons why he believes his case should not be dismissed. *Id*. However, these reasons all relate to the merits rather than to why he has not properly served the Commissioner, the Attorney General, or the USAO despite filing this suit over two years ago. *Id*. Davis' October 12 letter is also attached to the summons he prepared for the USAO. R. Doc. 11, p. 3
[16] R. Doc. 12-5 (Declaration of Jennesa Arthur), ¶¶ 4, 6.
[17] R. Doc. 12-6.
[18] *Id*., p. 1.
[19] *Id*.
[20] *Id*., pp.1-2.

3

There is nothing in the record showing that Davis properly served the USAO by December 19, 2022. Instead, according to the USAO service log, the USAO received a letter on January 4, 2023, dated December 28, 2022, from the Louisiana AG's Office.[21] The letter advised that it recently received some documents, via U.S. Mail, related to Davis' suit but that the Louisiana AG's Office would "not be taking any action" because "there are no state defendants named" in this matter.[22]

After receiving the letter from the Louisiana AG's Office, an AUSA sent Davis a second letter on January 6, 2023.[23] This letter explained that although it "appeared Davis had attempted to effectuate service on the USAO by using a non-party," Davis still had not properly effected service on the USAO because the "summons had not been mailed to the USAO."[24] As with the first letter, the AUSA explained, in detail, what Davis needed to do to properly serve the USAO.[25] The letter advised Davis for a second time that service could not be waived and requested that he serve the USAO by February 3, 2023, but again cautioned Davis that failure to do so would result the filing of a motion to dismiss for insufficient service of process.[26]

On February 7, 2023, the Commissioner filed the Motion, seeking the dismissal of Davis' claims under Rule 12(b)(5) because Davis, despite guidance from the Court and the USAO, had not properly served the USAO, as required under Rule 4(i).[27] As noted above, the Motion is

---

[21] R. Doc. 12-5, ¶¶ 5-6.
[22] R. Doc. 12-7. The documents sent to the Louisiana AG's office included the summons issued to the United States Attorney General (but addressed to the Louisiana AG), the same October 12 letter from Davis previously received by the USAO, and an October 12, 2022 letter from "Phyllis Booker," who was purportedly "submitting this summons on behalf of Brett Davis…" R. Docs. 12-8, 12-9, 12-10.
[23] R. Doc. 12-11.
[24] R. Doc. 12-11 (cleaned up).
[25] *Id*., pp. 1-2 ("Therefore, in order to properly effectuate service on the **United States Attorneys' Office** through mail, someone who is at least **18 years old** and **not a party to your case** must send a copy of the summons **and** Complaint, via certified or regular mail, to the United States Attorney's Office of the Middle District of Louisiana at the following mailing address: **Russell B. Long Federal Courthouse, U.S. Attorney's Office, 777 Florida Street, Suite 208, Baton Rouge, LA 70801**." (emphasis in original)).
[26] *Id*., p. 2.
[27] *See* R. Doc. 12 & 12-1.

4

considered unopposed because Davis did not timely file an opposition memorandum and the time to do so has passed.

## II.    LAW AND ANALYSIS

### A.    Federal Rule of Civil Procedure 12(b)(5) Standard

"If a plaintiff fails to properly effectuate service, the defendant may seek to dismiss the plaintiff's complaint under Rule 12(b)(5)."[28] "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process."[29] "When a challenge is made to the adequacy of service of process, the serving party bears the burden of proving the validity of service or the existence of good cause for failing to effect service in a timely manner."[30] The fact that a plaintiff is representing himself (pro se) "does not excuse the failure to properly effect service of process."[31]

### B.    Because Davis Failed to Properly Serve Process, Dismissal is Warranted under Rule 12(b)(5)

Rule 4(m) requires a plaintiff to "properly serve defendant with a copy of the summons and complaint within 90 days after the complaint is filed." When a defendant is not timely served, the court "must dismiss the action" or order that "service be made within a specified time."[32] However, the court "must extend the time for service for an appropriate period," if a plaintiff can establish "good cause" for his failure to timely serve.[33] "Actions falling into the category of inadvertence, mistake or ignorance of counsel are not excusable neglect and do not establish good cause for extending" the service period.[34] Additionally, the plaintiff must make a showing of good

---

[28] *Furr v. City of Baker*, No. 15-426, 2017 WL 3496497, at *2 (M.D. La. Aug. 15, 2017), citing Fed. R. Civ. P. 12(b)(5).
[29] *Holly v. Metro Transit Auth.*, 213 Fed.Appx. 343, 344 (5th Cir. 2007).
[30] *Furr*, 2017 WL 3496497, at *2, citing *Sys. Sign Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1990).
[31] *Id.,* citing *System Signs Supplies*, 903 F.2d at 1013; *Dupre v. Touro Infirmary*, 235 F.3d 1340 (5th Cir. 2000) (unpub.).
[32] Fed. R. Civ. P. 4(m).
[33] *Id*.
[34] *Traina v. United States*, 911 F.2d 1155, 1157 (5th Cir. 1990).

faith and establish "'some reasonable basis for noncompliance within the time specified.'"[35] Nonetheless, the Fifth Circuit has held that even if good cause for failure to serve does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service.[36]

Of particular relevance here, Rule 4(i) imposes the following service requirements when a party is suing the United States:

> (i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.
>
> (1) United States. To serve the United States, a party must:
>
>   (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
>   (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
>   (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
>   (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Additionally, if the plaintiff is suing an employee of the United States in their official capacity, the plaintiff "must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail, to the agency, corporation, officer, or employee" under Rule 4(i)(2). The court "must" give a party "*reasonable time*" to cure its failure to serve a

---

[35] *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985), quoting 4A C. Wright & A. Miller, *Federal Practice & Procedure* § 1165, at 480 (2d ed.).

[36] *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). *See also* 4B C. Wright & A. Miller, *Federal Practice & Procedure* § 1137 (4th ed. 2018) ("The text of Rule 4(m) also seems to authorize the district courts to extend the time period for service even in the absence of good cause ...").

6

"person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States."[37]

Davis did not properly serve the Commissioner in this case for several reasons. Although this case has been pending for over two years, Davis has not served the Commissioner as required by the Federal Rules of Civil Procedure, nor has he provided an explanation for his failure to do so. The only "explanation" in the record (*i.e.*, the October 12 letter), which appears to be Davis' written response to the Show Cause Order, addresses the merits of his case to explain why the claims should not be dismissed, but does not explain why he failed to timely and properly serve the USAO.[38] Further, although in response to the Show Cause Order Davis submitted three summonses to the Clerk of Court to be issued to the Commissioner, the USAO, and the Attorney General, the summons for the Attorney General was not "properly completed," considering that the summons was addressed to the Louisiana AG, rather than to the United States Attorney General. While not raised by the Commissioner as a basis for dismissal, there does not appear to be any summons properly addressed to the Attorney General in the record. Nor are there any proofs of service showing that the Commissioner, the Attorney General, or the USAO were actually served, as required by Rule 4(l).[39]

Davis failed to comply with Rule 4(i)'s requirements despite direction and significant time. Specifically, after the Show Cause Order, Davis attempted to serve the USAO by personally mailing a copy of his Complaint and the summons to the USAO. This attempt was contrary to the Court's Show Cause Order, which explained that Davis, as a party to this matter, could not personally serve process under Rule 4(c) and warned that a failure to timely comply might result

---

[37] Fed. R. Civ. P. 4(i)(4) (emphasis added).
[38] *See* R. Doc. 11, p. 3.
[39] Rule 4(l) provides that "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.".

7

in dismissal of Davis' claim. Similarly, the USAO explained in its November 10 letter that Davis had not properly served the USAO for this reason, told Davis how to serve the USAO under Rule 4(i), and requested that Davis properly serve the USAO by December 19, 2022. Davis did not serve the USAO by this date. In early January 2023, the USAO again advised Davis that the USAO had not been served and explained in detail again how Davis must serve the USAO. This letter again requested that Davis properly serve the USAO, this time by no later than February 3, 2023. Despite warnings in both the November 11 letter and the January 6 letter that the Commissioner would file a motion to dismiss for insufficient service of process if Davis did not properly serve the USAO, Davis did not properly serve the USAO by February 3, nor is there information in the record to show that he has done so to date.

Crucially, because the Commissioner has filed a motion under Rule 12(b)(5) challenging the adequacy of service, Davis bears the burden of establishing proper service on the USAO (and the Commissioner). Davis has not and cannot carry his burden, especially where, as here, he did not oppose the Commissioner's Motion or otherwise file information into the record addressing the deficiencies with service or providing any good cause for his failure to properly and timely serve. Because Davis has failed to properly serve the Commissioner, despite guidance from the Court and from the USAO and over seven (7) additional months to properly serve the USAO *after* the Court's Show Cause Order, all claims against the Commissioner in this case should be dismissed without prejudice.[40]

---

[40] While dismissal without prejudice is "tantamount to dismissal with prejudice" when the plaintiff would be "barred by prescription from refiling the claim" and dismissal with prejudice is an "extreme sanction" (*see Zaruba v. Hughes*, No. 10-555, 2011 WL 971064, at * (M.D. La. Mar. 17, 2011), quoting *Milan v. USAA General Indem. Co.*, 546 F.3d 321 (5th Cir. 2008)), dismissal is warranted here. This case has been pending for nearly three years, and Davis was told multiple times that he had not properly served the USAO. The Court and the Commissioner's counsel explained to Davis how service on the Commissioner and the USAO must be accomplished under Rule 4. Despite this (and being warned that failure to properly serve the Commissioner/USAO might result in the dismissal of his claims), Davis has wholly failed to effect proper service in this case, even though he has had seven (7) months to do so after the Court issued the Show Cause Order.

Accordingly,

**IT IS RECOMMENDED** that the Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process,[41] filed by the Commissioner, be **GRANTED**, and that the claims of Plaintiff Brett Deshawn Davis in this case be **DISMISSED WITHOUT PREJUDICE**.

## **ORDER**

**IT IS ORDERED** that the Clerk of Court shall send this Report and Recommendation to Plaintiff Brett Davis at the address listed on PACER by regular and by certified mail, return receipt requested.

Signed in Baton Rouge, Louisiana, on May 25, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[41] R. Doc. 12.

9